HARRY H. SMITH *vs.* JOHN CLARENCE SINGLES.

*Slander—Plea of Truth—Not Guilty—Evidence—Express Malice —Words Imputing Crime; Actionable in Themselvs— Damages; Compensatory; Exemplary.*

1.  In a trial for slander a witness was asked what the defendant said on another occasion than the one laid in the narr, about the testimony that the plaintiff had given at the trial in respect to which the slanderous words were spoken. *Held* that such evidence was admissible as tending to show express malice.

2.  A witness for the plaitntiff tetstified that about thc time of the trial before the Justice of the Peace, he heard the defendant "pass a remark about the plaintiff buying dead cattle and cutting them up and selling them from his wagon." *Held* admissible, but it afterwards appearing from the same witness that such statement might have been made four months, or even a year, after the trial, the testimony was stricken out.

3.  The plaintiff may be asked upon cross examination, questions for the purpose of showing that his reputation has not suffered because of the slanderous words used by the defendant.

4.  The words, "swore to a damned lie," spoken of the plaintiff's testimony at a trial, impute to the plaintiff a crime punishable by the laws of this State, and are actionable in themselves. In such a case the law presumes malice, and implies that the plaintiff has sustained some damage. Under the plea of not guilty the plaintiff would also be entitled to recover such compensatory damages as he may have shown he has sustained.

5.  Express malice must be proved, but may be proved by direct or indirect evidence. The jury should consider all the facts and circumstances which tend to show the motive or spirit which actuated the words complained of. Where the truth is pleaded and the defendant has clearly established that the plaintiff did, at the time referred to, and upon a matter material to the case, knowingly swear falsely, the defense is complete. Under such plea the burden is upon the defendant to satisfy the jury that the defendant's words were true. If the jury is not so satisfied, the plaintiff would be entitled to some damages, because the law presumes malice from the character of the words uttered. He would be entitled also to any damages which the evidence shows he actually sustained by reason of the slanderous words; and also to exemplary damages if the words were uttered maliciously and with intent to injure the plaintiff.

(*January* 30, 1908.)

Lore, C. J., and Pennewill, J., sitting.

*Levin Irving Handy* for plaintiff.

*J. Harvey Whiteman* for defendant.

Superior Court, New Castle County, January Term, 1908.

Summons Case for Slander (No. 156, May Term, 1906).

Plaintiff's declaration contained one count, which alleged that shortly after a certain trial between the plaintiff and the defendant before John W. Phillips, a Justice of the Peace in the town of Newport, the defendant, Singles, stated that the plaintiff, Smith, in his testimony at said trial "swore to a damned lie." The plaintiff asked for punitive damages. The pleas were the general issue and the truth of the words uttered.

At the trial, the witness George Butler, was asked by Mr. Handy, counsel for plaintiff, what Mr. Singles, the defendant, said at Currinder's Hotel in the town of Christiana, on another occasion than the one laid in the narr, about the testimony of Mr. Smith, the plaintiff, given at the said trial before the Justice of the Peace in Newport.

This was objected to by Mr. Whiteman, counsel for defendant, as immaterial. Mr. Handy contended that the testimony was relevant as showing express malice on the part of the defendant when he made the statement as laid in the narr, no contention being made, however, that the plaintiff could recover damages for any subsequent slander; that under the single averment of the narr he could introduce, for the purpose of showing express malice, as above, testimony of similar charges, or a repetition of the same charge, on other occasions and at other places.

2 *Greenleaf on Evidence, Sec.* 418; 1 *Wigmore on Evidence, Sec.* 413; 3 *Harr.*, 399-400 (note); *State vs. Jeandell and Vincent,* 5 *Harr.*, 475 (478-9); *Donahoe vs. Star Publishing Co.*, 4 *Pennewill* 166; *Conant vs. Leslie,* 85 *Me.*, 257.

*Whiteman,* for defendant, replied.

PENNEWILL, J.:—We think, under the decisions in our own State, that such evidence cannot be excluded; that the plea of the truth does not exclude evidence of express malice, the plea of not guilty being also pleaded. We overrule the objection.

Another witness called on behalf of the plaintiff, testified in reply to a question by Mr. Handy, that at or about the time of the said lawsuit between Mr. Singles and Mr. Smith, he heard Mr. Singles, in the store of Mr. Moore at Christiana, "pass a remark about Mr. Smith buying dead cattle and cutting them up and selling them from his wagon."

The above testimony was objected to by Mr. Whiteman counsel for defendant, as irrelevant, not being a slanderous statement. The objection was overruled, but it afterwards appearing from the testimony of the same witness that he could not say when the said statement was made, whether within four months or a year after the said trial before the Justice of the Peace on motion, the testimony of the witness concerning said statement was stricken out by the Court, as being too remote from the time of the slander alleged in the narr.

The plaintiff, Smith, being called as a witness in his own behalf, was questioned on cross examination by Mr. Whiteman, as follows:

Q. You say you have lived in that community forty-five years?

A. Yes, sir.

Q. And you have built up a good reputation in that community during that time?

(Objected to by Mr. Handy, counsel for plaintiff, as irrelevant and not in cross examination.)

PENNEWILL, J — You asked this witness, Mr. Handy, whether he had been annoyed by these reports, and he said that he had heard of them time and again; going to show some damage or injury to his reputation and business. We think this question is in reply to that. He is not seeking to prove

bad reputation, but we think he may prove that the plaintiff's reputation has not suffered, if he can, because of this charge. The objections are overruled.

A. Yes sir.

Q. Is it not just as good as ever?

(Objected to by Mr. Handy, as calling for the opinion of the witness, and not a fact.)

PENNEWILL, J. —We hardly think that question is admissible.

Q. In what way have you suffered any damage or any loss of any kind by virtue of this?

A. In several ways.

Q. In what way?

A. People come to me and ask me about it. It is not a very nice thing.

Q. Do they believe it?

(Objected to by Mr. Handy, as calling for the opinion of the witness.)

PENNEWILL, J.:—If he knows, he may answer.

A. They cannot help but believe it.

Q. Do you know what people think of you as a result of Mr. Singles having said this about you?

A. Yes, sir.

Q. What do they think of you?

(Objected to by Mr. Handy, as calling for the opinion of the witness. Objection overruled.)

A. He said that a cow died, and that I cut it up and sold it.

Q. We are not talking about that—I ask you by virtue of his saying that you swore to a damned lie, do you know what people think of you, with respect to that remark?

A. Some of them think it is so.

Q. Who believes it—what person out there that you have found, believes it of you?

(Objected to by Mr. Handy, on the same ground as before stated, and as not in cross examination.)

PENNEWILL, J.:—This is strictly in cross examination.

A. I could name a good many of them, but I just haven't them in my memory now.

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—This is an action known in law as slander, brought by the plaintiff against the defendant to recover damages which the plaintiff alleges he has sustained by reason of the utterance of the words upon which the action is based.

The words charged in the plaintiff's declaration as constituting the slander complained of, are stated to have been uttered by the defendant after the parties had had a trial before a Justice of the Peace in the town of Newport, in this county,—it being alleged that the plaintiff as such trial swore to a "damned lie."

The defendant admits that he did utter the words charged, and relies as a defense upon his plea of the truth; that is to say, he contends that the words he uttered were true.

The words of the alleged slander impute to the plaintiff a crime punishable by the laws of this State, and are actionable in themselves. In such a case the law presumes malice, and implies that the plaintiff has sustained some damage, but the amount thereof is for the jury to determine. Upon the plea of not guilty the plaintiff would also be entitled to recover such actual or compensatory damages as he may have shown you by the proof in the case he has sustained, if any such proof there be.

The plaintiff insists that he has proved not only the malice implied by law from the character of the slander, but that express malice has also been proved; that is to say, that the slander was uttered in a vindictive and malevolent spirit with intent to injure the plaintiff, and that, therefore, he is entitled to punitive or exemplary damages.

Express malice must be proved; it is never implied or presumed. It may, however, be proved by direct or indirect evidence. In determining whether there was express malice in this

case, you should consider all the facts and circumstances disclosed by the evidence which tend to show the motive or spirit which actuated the words complained of.

But although the defendant has entered the plea of not guilty, he has also pleaded the truth of the alleged slanderous words, and upon that plea he relies.

If you believe the defendant has clearly and fully established by the evidence that the plaintiff did, at the time referred to, and upon a matter material to the case, knowingly swear falsely, he has made out a complete defense to this action, and your verdict should be in his favor. But under the plea of the truth of the alleged slander, or defamatory words, the burden is upon the defendant to satisfy the jury that the defamatory words he uttered in respect to the plaintiff were true.

If the defendant has not satisfied you that the defamatory words he uttered were true, the plaintiff would be entitled to some amount, because the law presumes malice from the character of the words uttered. He would be entitled, in addition thereto, to any damages which he has shown by the evidence he actually sustained by reason of the slanderous words. And he would be also entitled to punitive or exemplary damages, in case you are satisfied from the evidence that the defamatory words were uttered wantonly, maliciously, and with the intent to injure the plaintiff:

If you do not believe the words complained of were uttered with the intent to injure the plaintiff, you cannot include in your verdict any sum by way of exemplary or punitive damages.

It is for you to determine, gentlemen, under the evidence and the instructions we have given you, whether the plaintiff is entitled to recover, and if you conclude he is so entitled you must then decide for what amount your verdict shall be.

Verdict for plaintiff for six cents.